UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

NATHANIEL-NYEMA DIOH, JR.,

                          Plaintiff,

v.

DOUGLAS H. SHULMAN, CHUCK SINGER, ONEMAIN HOLDINGS INC., AND ONEMAIN FINANCIAL,

                          Defendants.

Civil No. 20-2153 (JRT/LIB)

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

---

Nathaniel-Nyema Dioh, Jr., 1530 East Saint Germain Street, #106, St. Cloud, MN 56304, *pro se*.

Jared M. Goerlitz, **GOERLITZ LAW, PLLC**, P.O. Box 25194, 7595 Currell Boulevard, Saint Paul, MN, 55125, for defendants.

On January 3, 2019, Plaintiff entered into a Loan Agreement with Defendant OneMain Financial Group, LLC. (*See* Compl. Ex. 1, Oct. 13, 2020, Docket No. 1-1; Decl. Charles Singer ¶ 2, Ex. 1 ("Loan Agreement"), Nov. 4, 2020, Docket No. 8-1.) Plaintiff obtained a loan for $13,810.00 with an annual percentage rate of 32.28% from OneMain's Fargo, North Dakota branch, (Loan Agreement at 1), where Defendant Charles Singer is the assistant manager, (Decl. Charles Singer ¶ 3.) Defendant Douglas H. Shuman is the Chief Executive Officer of OneMain Holdings, Inc. (*Id.* ¶ 4.) On October 13, 2020 Plaintiff commenced this action. (Compl., Oct. 13, 2020, Docket No. 1.) On November 4, 2020, Defendants filed a Motion to Dismiss. (Mot. Dismiss, Nov. 4, 2020, Docket No. 7.)

In reviewing a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *See Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir.2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)). To survive a motion to dismiss, a complaint must provide more than "labels and conclusions or a formulaic recitation of the elements of a cause of action[.]" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In reviewing a motion to dismiss, the Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014).

Even viewing the Complaint in the light most favorable to Plaintiff, as currently drafted it contains no factual content that would allow the Court to draw any reasonable inference that Defendants are liable for misconduct and therefore fails to state a claim upon which relief can be granted. Insofar as the Court can discern, Plaintiff alleges that the loan agreement is void, but the Complaint does not allege why it is void, what Defendants' alleged misconduct was, or which facts plausibly allege that any misconduct occurred. Further, Defendants Douglas H. Shulman and Chuck Singer were not parties to the Loan Agreement, and are thus not proper parties to this action. Because the

Complaint has no well-pleaded facts and contains no recognizable legal claim for relief, the Court dismisses Plaintiff's Complaint without prejudice. A dismissal without prejudice means that the Plaintiff may refile the Complaint, but must allege the necessary facts as noted in this Order.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Docket No. 7] is **GRANTED** and the case is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 5, 2021　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
at Minneapolis, Minnesota.　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　　　United States District Court